# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

May 30, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0676** (BOR Appeal No. 2052329)
            (Claim No. 2012027687)

**DUSTIN HARSHEY,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Denise D. Pentino and Aimee M. Stern, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dustin Harshey, by Linda Garrett, his attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability award to which Mr. Harshey is entitled. The claims administrator granted a 39% award on November 10, 2015. The Office of Judges reversed the decision in its November 15, 2017, Order and instead granted a 49% permanent partial disability award. The Order was affirmed by the Board of Review on June 29, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harshey, a coal miner, was injured in the course of his employment on January 20, 2012, when he was run over by a ram car. The Employee's and Physician's Report of Injury indicates Mr. Harshey suffered a break to his right leg, a head injury, nine broken ribs, a damaged spleen, a dislocated hip, and a broken pelvis. The claim was held compensable for the following conditions: concussion, contusion of lung without open wound into thorax, traumatic pneumothorax, sacrum/coccyx fracture, post-traumatic stress disorder, major depressive disorder, fracture of the lumbar spine with spinal cord injury, closed fracture of four ribs, femur fracture,

1

fracture of the pubis, tibia/fibula fracture, spleen injury with open wound into the cavity, medial cartilage or meniscus tear of the knee, and traumatic arthropathy of the lower leg.

Pamela Dean, M.D., performed a neuropsychological evaluation of Mr. Harshey on May 1, 2013. Dr. Dean noted that Mr. Harshey had undergone twelve to fourteen orthopedic surgeries as a result of the compensable injury and was not finished. Mr. Harshey reported that he has ongoing pain. Dr. Dean opined that the combination of impact, crush/pressure, and possible hypoxia resulted in mild to moderate traumatic brain injury. She noted decreased learning efficiency and mild memory problems. Dr. Dean stated that emotionally, Mr. Harshey is well adjusted. She found him to be at maximum medical improvement neurologically and stated that he fell at the high end of impairment between 8 and 14% impairment. Kari Beth Law, M.D., performed a psychiatric independent medical evaluation on May 1, 2013, in which she diagnosed major depressive episode, resolved; post-traumatic stress disorder, resolved; and cognitive disorder secondary to traumatic brain injury. She found that Mr. Harshey had reached maximum medical improvement for his psychiatric diagnoses. She recommended cognitive therapy due to continued issues with memory, planning, sequencing, and visual perception. The claims administrator granted a 14% permanent partial disability award on March 7, 2014.

In a February 14, 2014, treatment note, Richard Bonfiglio, M.D., noted that Mr. Harshey reported continuous right knee pain, throbbing in the left foot, and numbness in the left leg. He diagnosed pubic symphysis diathesis; abnormal gait pattern; decreased balance; left lower limb weakness and sensory loss; probable post-traumatic stress disorder; impaired cognition including decreased attention, concentration, and memory; impaired performance of activities of daily living; chronic right knee pain; chronic left foot pain; chronic lower back pain syndrome; and bilateral knee ligamentous damage. Mr. Harshey continued to have significant functional impairments as well as chronic pain issues. Dr. Bonfiglio also noted psychological issues stemming from the compensable injury in the form of depression, anxiety, post-traumatic stress disorder, and anger management issues.

A work capacity evaluation was performed by Leonard Matheson, Ph.D., on July 8, 2014. Dr. Matheson found that Mr. Harshey's functional limitations restrict him to light physical demand level work. Though he has been found to have reached maximum medical improvement, Dr. Matheson found that Mr. Harshey still requires medical and occupational rehabilitation. He noted that Mr. Harshey exhibited high motivation but that he could not realistically compete for employment.

David Soulsby, M.D., performed an independent medical evaluation on August 25, 2015, in which he found that Mr. Harshey had reached maximum medical improvement. Dr. Soulsby stated that he would continue to have arthritic symptoms that affect his lower back, right knee, and hip. He also had left dropfoot. Dr. Soulsby also opined that Mr. Harshey would continue to require treatment for his long term problems. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Soulsby assessed 11% spine impairment, representing 5% from Table 75, 3% from Table 81, and 1% from Table 82. For the pelvis he assessed 15% for the fracture with displacement and 10% for the sacrum fracture for a total pelvic impairment of 24%. For the left hip fracture, right femur, right knee, and right tibia, Dr. Soulsby

found 0% impairment. Lastly, Dr. Soulsby assessed 10% impairment from Table 93 for neurological injury to the left leg. His total combined impairment rating was 39%. Based on Dr. Soulsby's report, the claims administrator granted a 39% permanent partial disability award on November 10, 2015.

Robert Walker, M.D., performed an independent medical evaluation on January 20, 2017, and assessed 54% total impairment. For the lumbosacral spine, he found 6% from Tables 81 and 82 of the American Medical Association's *Guides* and 15% from Table 75. These combined for 20% impairment. He placed Mr. Harshey in Lumbar Category II from West Virginia Code of State Rules § 85-20-C (2006) and reduced the impairment to 8% accordingly. For the pelvis, Dr. Walker found 10% impairment for the sacrum fracture and 15% for a separated symphysis pubis. These combined for 24% impairment. For the left hip, Dr. Walker assessed 10% impairment from Table 40 of the American Medical Association's Guides and 30% from Table 68. These combined and reduced to 15% whole person impairment. Dr. Walker found 36% lower extremity impairment representing 20% for the right hip and 20% for the right knee. This converted to 14% whole person impairment. Lastly, he assessed 6% impairment for the central nervous system.

The Office of Judges reversed the claims administrator's grant of a 39% permanent partial disability award and granted a 49% permanent partial disability award in its November 15, 2017, Order. Regarding the lumbar spine, the Office of Judges found that Dr. Walker assessed 8% impairment while Dr. Soulsby found 11%. However, Dr. Soulsby failed to use West Virginia Code of State Rules § 85-20 to make his impairment recommendation. Dr. Soulsby also failed to complete the required low back examination form. Both Drs. Walker and Soulsby found 24% pelvic impairment.

For the left lower extremity, the Office of Judges found that Dr. Soulsby assessed 10% impairment. Dr. Walker also found 15% impairment, however, he erred in his calculation of impairment. Dr. Walker accidentally included his assessment of 10% impairment for hip flexion twice in his calculations.

For the right lower extremity, Dr. Soulsby found 0% impairment. Dr. Walker, however, found 14% impairment. The Office of Judges found that Dr. Walker noted that Mr. Harshey suffered a broken femur, tibia, and fibula and had undergone multiple operations, including having pins installed in the femur and tibia. Also, Mr. Harshey had a right knee arthroscopy with reconstruction of the anterior cruciate ligament. The Office of Judges found Dr. Walker's assessment to be the most reliable as it was supported by the multiple injuries and surgeries to the claimant's right lower extremity.

For the central nervous system, the Office of Judges found that Dr. Soulsby made no recommendation while Dr. Walker assessed 6% impairment under Table 2, Mental Status Impairment, of the American Medical Association's *Guides* found on page 142. The Office of Judges noted that Mr. Harshey was previously granted a 14% permanent partial disability award based on Dr. Law's psychiatric independent medical evaluation. The Office of Judges found Dr. Law's opinion to be more persuasive on the issue of mental impairment.

In sum, the Office of Judges concluded that Dr. Walker's opinion was more persuasive than that of Dr. Soulsby. It combined his findings of 30% spine impairment, 15% left lower extremity impairment, and 14% right lower extremity impairment for a total of 49% permanent partial disability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 29, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges did not err in finding Dr. Walker's report to be more reliable than that of Dr. Soulsby. Mr. Harshey sustained several severe injuries and underwent numerous surgeries on his lower extremities. Treatment notes show that he continues to have pain and other symptoms and requires ongoing management of his injuries. Dr. Walker's report was more closely aligned with the remainder of the medical record than that of Dr. Soulsby.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 30, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison